Filed 9/12/24  P. v. Dennis CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

|  |  |
|---|---|
| THE PEOPLE, | C100104 |
| Plaintiff and Respondent, | (Super. Ct. No. 22F3914) |
| v. | |
| DAMON ODELL DENNIS, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Damon Odell Dennis asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant. We affirm.

## BACKGROUND

In November 2022, defendant was charged with being a felon in possession of a firearm (Pen. Code,[1] § 29800, subd. (a); count 1), unlawful possession of ammunition

---

[1] Further undesignated statutory references are to the Penal Code.

1

(§ 30305, subd. (a)(1); count 2), possession of an assault weapon (§ 30605, subd. (a); count 3), possession for sale of a controlled substance (Health & Saf. Code, § 11378; count 4), import, sale, or transportation of a controlled substance (Health & Saf. Code, § 11379, subd. (a); count 5), child abuse (§ 273a, subd. (a); count 6), manufacturing, importing, keeping for sale, giving, or receiving a large capacity magazine (§ 32310, subd. (a); count 7), criminal storage of a firearm (§ 25100, subd. (c); count 8), driving a motor vehicle upon a highway without a valid driver's license (Veh. Code, § 12500, subd. (a); count 9), possession of drug paraphernalia (Health & Saf. Code, § 11364, subd. (a); count 10), driving an unregistered motor vehicle (Veh. Code, § 4000, subd. (a)(1); count 11), and driving without evidence of financial responsibility (Veh. Code, § 16028, subd. (a); count 12). Defendant waived a preliminary hearing.

In September 2023, defendant pleaded no contest to being a felon in possession of a firearm (count 1), possession for sale of a controlled substance, methamphetamine (count 4), and criminal storage of a firearm (count 8) in exchange for up to two years eight months in prison or probation with 364 days in county jail and dismissal of the remaining charges as well as dismissal of three other pending misdemeanor criminal matters. The parties stipulated to the police report as the factual basis for defendant's plea.

At the November 2023 sentencing hearing, defense counsel submitted a letter from a treatment program stating defendant was on the wait-list for residential treatment that required 90 days of inpatient treatment followed by 90 days of a sober living program; he was currently engaged in its outpatient program. Defendant testified on his own behalf that he had been addicted to methamphetamine for over 30 years. As a result of the offenses, defendant's minor son was removed from his care. Defendant had attended parent engagement classes through Child Family Services (CFS) as part of his plan to reunify with his son; he denied being hostile to CFS workers but admitted he was frustrated with his son's removal. Defendant failed to drug test as CFS required but had

2

previously completed a treatment program for cocaine and had also considered other treatment programs. He had forgotten about his felony conviction that prohibited him from possessing firearms and had even been pulled over a few times in Whiskeytown where officers had run the firearms and returned them to him without incident, making him believe that he was no longer prohibited from owning firearms. He stated he would abide by any terms of probation if granted.

A CFS social worker testified that he had worked with defendant for two years regarding his son, and that defendant generally failed to comply with the case plan's drug testing and treatment requirements.

Defense counsel requested probation with a suspended prison sentence. The prosecution argued probation was inappropriate under the circumstances and urged the court to impose the two-year eight-month lid under the terms of the plea agreement.

The trial court denied probation and sentenced defendant to the midterm of two years for the firearm possession offense and a consecutive eight months (one-third the midterm) for the possession for sale of a controlled substance offense. The court imposed six months to run concurrently for the misdemeanor criminal storage of a firearm offense. Defendant's total aggregate sentence was two years eight months in state prison. The court imposed a minimum $300 restitution fine (§ 1202.4) and an identical parole revocation restitution fine, which was suspended unless parole or supervision was revoked (§ 1202.45). The court awarded defendant two actual days of presentence custody credit and no conduct credit (§ 4019). Defendant timely appealed without a certificate of probable cause.

## DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d at pp. 441-442.) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of the filing

3

of the opening brief.  More than 30 days have elapsed, and we have received no communication from defendant.

Having examined the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


    /s/                    
WISEMAN, J.*


We concur:


    /s/                 
EARL, P. J.


    /s/                 
BOULWARE EURIE, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.